# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA M. UBALDI, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff(s),<br><br><br>               -against-<br><br>TRINITY FINANCIAL SERVICES, LLC; and JOHN DOES 1-25,<br><br>                 Defendant(s). | Civil Case Number: _____<br><br><br>**<u>CIVIL ACTION</u>**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ANDREA M. UBALDI, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants; TRINITY FINANCIAL SERVICES, LLC ("TRINITY"); and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## <u>PRELIMINARY STATEMENT</u>

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## <u>JURISDICTION AND VENUE</u>

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.    As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.    The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.    Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.    TRINITY is a limited liability company with office located at 2618 San Miguel Drive, Suite 303, Newport Beach, CA 92660.

8.    Upon information and belief, TRINITY uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.    TRINITY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.    John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from TRINITY concerning a debt owned by TRINITY, which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, and **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692c(a)(2); 1692e(2)(A); and 1692e(10).

b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    On or about December 14, 2006, Plaintiff allegedly incurred a financial obligation to Lehman Brothers Bank, FSB ("LEHMAN").

16.    The LEHMAN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The LEHMAN obligation did not arise out of a transaction that was for business purposes.

18.    The LEHMAN obligation was secured with a mortgage on Plaintiff's real property.

19.    The LEHMAN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    LEHMAN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.    The last payment made by Plaintiff on the LEHMAN obligation was on or about September 1, 2008.

22.    Plaintiff defaulted on the LEHMAN obligation when she failed to make the payment due on October 1, 2008.

23.    On or about August 28, 2015, TRINITY received the ownership and servicing rights to the LEHMAN obligation.

24.    At the time the LEHMAN obligation was received by and/or sold to TRINITY, the LEHMAN obligation was in default.

25.    TRINITY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.    On or before December 21, 2017, TRINITY referred the LEHMAN obligation to NEWPORT for the purpose of collections.

27.    At the time TRINITY referred the LEHMAN obligation to NEWPORT LAW GROUP ("NEWPORT"), the obligation was past due.

28.    At the time TRINITY referred the LEHMAN obligation to NEWPORT, the LEHMAN obligation was in default.

29.    NEWPORT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.    NEWPORT caused to be delivered to Plaintiff a letter dated December 21, 2017, which was addressed to Plaintiff, attempting to collect the LEHMAN obligation.

31.    The following statements are located at the bottom of the December 21, 201 letter:

> **This law firm may be deemed a "debt collector" under the Fair Debt Collection Practices Act. Any information obtained will be used for the purposes of collecting that debt.**

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

> UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY
> DAYS AFTER RECEIVING THIS NOTICE THAT YOU
> DISPUTE THE VALIDITY OF THIS DEBT OR ANY
> PORTION THEREOF, THIS OFFICE WILL ASSUME THIS
> DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN
> WRITING WITHIN THIRTY DAYS FROM RECEIVING THIS
> NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF
> THE DEBT AND MAIL YOU A COPY OF SUCH
> VERIFICATION. IF YOU REQUEST THIS OFFICE IN
> WRITING WITHIN THIRTY DAYS AFTER RECEIVING THIS
> NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE
> NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

32.    On receipt of the December 21, 2017, Plaintiff read the letter.

33.    On January 7, 2018, Plaintiff through her undersigned attorney disputed the debt, via facsimile to (855) 631-4155 and First Class Mail. A copy of said dispute is annexed hereto as Exhibit A.

34.    On January 12, 2018, TRINITY mailed to Plaintiff a letter and certain documents.

35.    The January 12, 2018 letter from TRINITY to Plaintiff stated in part:

> As requested in your fax correspondence to Newport Beach Law
> Group, APLC on January 7, 2018, please find the enclosed
> documents….

36.    At the time TRINITY sent the January 12, 2018, it knew that Plaintiff was represented by an attorney.

37.    At the time TRINITY sent the January 12, 2018, it should have known that Plaintiff was represented by an attorney.

38.    On February 18, 2018, Plaintiff commenced a class action lawsuit against NEWPORT and TRINITY, in the United States District Court For The District Of New Jersey. captioned as, *Andrea M. Ubaldi, on behalf of herself and all other similarly situated, v. Newport*

*Beach Law Group, APLC, Ben Pourcho, Esq.; Trinity Financial Services, LLC; and John Does, 1-25, Civil Case No.: 2;18-cv-02034 KSH-CLW*.

39.     Said Complaint alleged in part the TRINITY violated 15 U.S.C. §1692c(a)(2) by sending a letter directly to Plaintiff on January 12, 2018.

40.     On May 30, 2019, the Honorable, Cathy L. Waldor, U.S.M.J. granted Final Approval of the Class Action Settlement.

41.     On October 18, 2019,    TRINITY again sent a letter directly to Plaintiff, attempting to collect the same debt. A copy of said letter is annexed hereto as Exhibit B.

42.     The October 18, 2019, letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

43.     The October 18, 2019 letter stated in part:

October 18, 2019
Via First Class Mail

ANDREA UBALDI
5 DAWSON TERRACE
LIVINGSTON, NJ 07039


RE:            Loan Number:      xxxx184
               Creditor/ Lender:    Trinity Financial Services, LLC
               Servicer:            Trinity Financial Services, LLC
               Property Address:   5 DAWSON TERRACE LIVINGSTON, NJ 07039


## SEVERELY PAST DUE NOTICE

Dear ANDREA UBALDI:

Please be advised that your above-referenced loan is in default. You have been given ample time and multiple notices regarding the serious delinquency of your debt. The status of your account is a direct result of your failure to resolve this matter with our company.

Trinity Financial Services LLC would like to offer you an opportunity to resolve your outstanding balance before the account is reviewed for possible referral to an attorney in your state. Please

contact one of our Recovery Specialists to discuss acceptable payment alternatives. You can reach our Recovery Specialists directly at (855) 818-6806.

Please be sure to reference your Trinity Financial Services LLC account number 1500022184 on any payments or correspondence.

Please see your current account information below:
Unpaid Principal Balance:
$98,541.11 Monthly Interest
Rate: 9.75% Monthly
Payment Amount: $859.16
Your last payment was made on 10/1/2008

Thank you.


Loss Mitigation
Department Trinity
Financial Services,
LLC

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

PLEASE SEE REVERSE SIDE OR SECOND PAGE FOR IMPORTANT NOTICES

44.    That the time TRINITY sent the October 18, 2019 letter to Plaintiff, the Monthly Interest Rate on the note creating the debt was not 9.75%.

45.    That the time TRINITY sent the October 18, 2019 letter to Plaintiff, the account balance was greater than $178,000.00.

46.    On November 8, 2019, TRINITY once again sent to letter directly to Plaintiff attempting to collect the same debt. A copy of said letter is annexed hereto as Exhibit C.

47.    The November 8, 2019 letter is the same form letter as the October 18, 2019 letter.

48.    That the time TRINITY sent the November 8, 2019 letter to Plaintiff, the Monthly Interest Rate on the note creating the debt was not 9.75%.

49.     That the time TRINITY sent the November 8, 2019 letter to Plaintiff, the account balance was greater than $178,000.00

## POLICIES AND PRACTICES COMPLAINED OF

50.     It is TRINITY'S policy and practice to send written collection communications, in the form annexed hereto as **Exhibit B and Exhibit C**, which violate the FDCPA, by *inter alia*:

>    (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
>    (b)     Communicating with the consumer when it knew that said consumer is represented by an attorney; and
>
>    (c)     Making a false representation of the character or amount of the debt.

51.     On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit B and Exhibit C**, to at least 40 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

52.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

53.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

55.     Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

56.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.

57.     The October 18, 2019 letter sent to Plaintiff by TRINITY makes a false representation as to the interest rate of the debt.

58.     The October 18, 2019 letter sent to Plaintiff by TRINITY in part: Monthly Interest Rate: 9.75%.

59.     The Monthly Interest Rate on the debt owed by Plaintiff to TRINITY is not 9.75%.

60.     The ANNUAL Interest rate on the note creating the debt owed to TRINITY is 9.75%.

61.     The least least sophisticated consumer upon reading the October 18, 2019 letter from TRINITY would believe that the debt is accruing interest at a rate of 9.75% *per month*.

62.     The least least sophisticated consumer upon reading the October 18, 2019 letter from TRINITY would believe that the debt is accruing interest at a rate of 9.75% *per month,* when in fact the debt is accruing interest at an *annual rate* of 9.75%.

63.     TRINITY violated 15 U.S.C. §1692e(2)(A), by making a false representation of the interest rate on debt in the October 18, 2019 letter.

64. The November 8, 2019 letter sent to Plaintiff by TRINITY in part: Monthly Interest Rate: 9.75%.

65. The Monthly Interest Rate on the debt owed by Plaintiff to TRINITY is not 9.75%.

66. The ANNUAL Interest rate on the note creating the debt owed to TRINITY is 9.75%.

67. The least least sophisticated consumer upon reading the November 8, 2019 letter from TRINITY would believe that the debt is accruing interest at a rate of 9.75% *per month.*

68. TRINITY further violated 15 U.S.C. §1692e(2)(A), by making a false representation of the interest rate on debt in the November 8, 2019 letter.

69. The least sophisticated consumer upon reading the October 18, 2019 letter from TRINITY would believe that the debt is accruing interest at a rate of 9.75% *per month,* when in fact the debt is accruing interest at an *annual rate* of 9.75%.

70. The October 18, 2019 letter sent by TRINITY to Plaintiff states in part:

> Please see your current account information below:
> Unpaid Principal Balance:    $98,541.11
> Monthly Interest Rate:         9.75%
> Monthly Payment Amount:    $859.16
> Your last payment was made on 10/01/2008

71. The account balance as of October 18, 2019 was greater than $178,000.00.

72. The October 18, 2019 falsely represents the amount of the debt.

73. The least sophisticated consumer upon reading the October 18, 2019 letter from TRINITY would believe that the balance of the debt is $98,541.11.

74.    The  least sophisticated consumer upon reading the October 18, 2019 letter from TRINITY would believe that the balance of the debt is $98,541.11, when in fact the account balance is greater than $178,000.00.

75.    The October 18, 2019 letter fails to provide the full and accurate current account information.

76.    The October 18, 2019 letter fails to provide the full and accurate current account information, as it fails to provide the current account balance.

77.    The  least sophisticated consumer upon reading the October 18, 2019 letter from TRINITY would believe that if she paid $98,541.11 the debt would be satisfied.

78.    TRINITY violated 15 U.S.C. §1692e(2)(A) by sending the October 18, 2019 to Plaintiff which falsely represented the amount of the debt.

79.    The November 8, 2019 letter sent by TRINITY to Plaintiff states in part:

> Please see your current account information below:
> Unpaid Principal Balance:    $98,541.11
> Monthly Interest Rate:       9.75%
> Monthly Payment Amount:   $859.16
> Your last payment was made on 10/01/2008

80.    The account balance as of November 8, 2019 was greater than $178,000.00.

81.    The November 8, 2019 falsely represents the amount of the debt.

82.    The least sophisticated consumer upon reading the November 8, 2019 letter from TRINITY would believe that the balance of the debt is $98,541.11.

83.    The  least sophisticated consumer upon reading the November 8, 2019 letter from TRINITY would believe that the balance of the debt is $98,541.11, when in fact the account balance is greater than $178,000.00.

84.    The November 8, 2019 letter fails to provide the full and accurate current account information.

85.    The  least sophisticated consumer upon reading the November 8, 2019 letter from TRINITY would believe that if she paid $98,541.11 the debt would be satisfied.

86.    TRINITY further violated 15 U.S.C. §1692e(2)(A) by sending the November 8, 2019 to Plaintiff which falsely represented the amount of the debt.

87.    Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

88.    TRINITY violated 15 U.S.C. §1692e(10) by falsely representing interest rate on the debt.

89.    The least sophisticated consumer upon reading the instructions in the OCTOBER 18, 2019 and the November 8, 2019 letters would be misled into believing: (1) that the interest on the debt is accruing at the rate of 9.75% *per month*, or (2) that the interest on the debt is accruing at the *annual rate* of 9.75%.

90.    TRINITY further violated 15 U.S.C. §1692e(10) by falsely representing the amount of the debt.

91.     The least sophisticated consumer upon reading the instructions in the OCTOBER 18, 2019 and the November 8, 2019 letters would be misled into believing that if she paid $98,541.11, that the debt would be satisfied.

92.     15 U.S.C. §1692c(a)(2) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain,

> such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer..

93.    TRINITY violated 15 U.S.C. §1692c(a)(2) by sending a letter dated October 18, 2019, directly to Plaintiff, when it knew or should have known that Plaintiff was represented by an attorney.

94.    TRINITY knew as early as January 18, 2018 the Plaintiff was represented by an attorney.

95.    TRINITY further violated 15 U.S.C. §1692c(a)(2) by sending a letter dated November 8, 2019, directly to Plaintiff, when it knew or should have known that Plaintiff was represented by an attorney.

96.    TRINITY knew as early as January 18, 2018 the Plaintiff was represented by an attorney.

97.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

98.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

99.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

100.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

101.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

102.    Plaintiff has suffered damages and other harm as a direct result of TRINITY'S actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 6, 2020

_s/ Joseph K. Jones_
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 6, 2020

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

# Jones, Wolf & Kapasi
## LLC
**ATTORNEYS AT LAW**

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

*Reply to:  New York*

January 7, 2018

Via Facsimile (855) 631-4155 and First Class Mail

Newport Beach Law Group, APLC
Attn: Ben Pourcho, Esq.
120 Tustin Avenue, Suite C, #1125
Newport Beach, CA 92663

Re:    Andrea M. Ubaldi
Loan No.: ████184

Dear Mr. Pourcho:

This firm has been retained to represent the interests of Andrea M. Ubaldi, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Ms. Ubaldi.  Furthermore, Ms. Ubaldi hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact her on her mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Newport Beach Law Group, APLC, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

Jones, Wolf & Kapasi, LLC

*/s/ Joseph K. Jones*
Joseph K. Jones
Attorney at Law

# Exhibit

# B



October 18, 2019
Via First Class Mail

ANDREA UBALDI



RE:          Loan Number:                    184
             Creditor / Lender:              Trinity Financial Services, LLC
             Servicer:                       Trinity Financial Services, LLC
             Property Address:

## SEVERELY PAST DUE NOTICE

Dear ANDREA UBALDI:

Please be advised that your above-referenced loan is in default. You have been given ample time and multiple notices regarding the serious delinquency of your debt. The status of your account is a direct result of your failure to resolve this matter with our company.

Trinity Financial Services LLC would like to offer you an opportunity to resolve your outstanding balance before the account is reviewed for possible referral to an attorney in your state. Please contact one of our Recovery Specialists to discuss acceptable payment alternatives. You can reach our Recovery Specialists directly at (855) 818-6806.

Please be sure to reference your Trinity Financial Services LLC account number     2184 on any payments or correspondence.

Please see your current account information below:
Unpaid Principal Balance: $98,541.11
Monthly Interest Rate: 9.75%
Monthly Payment Amount: $859.16
Your last payment was made on 10/1/2008

Thank you,

Loss Mitigation Department
Trinity Financial Services, LLC

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

PLEASE SEE REVERSE SIDE OR SECOND PAGE FOR IMPORTANT NOTICES

**Phone: 855.818.6806 | Fax: 855.881.4499 | 2618 San Miguel Drive, Suite 303, Newport Beach, CA 92660**



www.TrinityFS.com



**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**NOTICE TO DEBTOR(S) IN BANKRUPTCY:** This paragraph is a special notice to our customers who have filed a petition for protection under the United States Bankruptcy Code. Unless you have signed a reaffirmation agreement with the lender, and that agreement has been filed with the bankruptcy court (and not subsequently rescinded or disallowed in accordance with the Bankruptcy Code), you should disregard all portions of this letter which state or suggest that you still have a personal liability to pay the lender. You may wish to consult with an attorney regarding this letter, your bankruptcy and the ability of the lender to enforce its lien on collateral, if any. If you have obtained a discharge under the Bankruptcy Code this letter is for informational purposes or to protect our interests in any collateral.



# Exhibit

# C



November 8, 2019

Via First Class Mail

ANDREA UBALDI

RE:       Loan Number:              2184
          Creditor / Lender:        Trinity Financial Services, LLC
          Servicer:                 Trinity Financial Services, LLC
          Property Address:

## SEVERELY PAST DUE NOTICE

Dear ANDREA UBALDI:

Please be advised that your above-referenced loan is in default. You have been given ample time and multiple notices regarding the serious delinquency of your debt. The status of your account is a direct result of your failure to resolve this matter with our company.

Trinity Financial Services LLC would like to offer you an opportunity to resolve your outstanding balance before the account is reviewed for possible referral to an attorney in your state. Please contact one of our Recovery Specialists to discuss acceptable payment alternatives. You can reach our Recovery Specialists directly at (855) 818-6806.

Please be sure to reference your Trinity Financial Services LLC account number        184 on any payments or correspondence.

Please see your current account information below:
Unpaid Principal Balance: $98,541.11
Monthly Interest Rate: 9.750%
Monthly Payment Amount: $859.16
Your last payment was made on 10/1/2008

Thank you,

Loss Mitigation Department
Trinity Financial Services, LLC

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

PLEASE SEE REVERSE SIDE OR SECOND PAGE FOR IMPORTANT NOTICES

Phone: 855.818.6806 | Fax: 855.881.4499 | 2618 San Miguel Drive, Suite 303, Newport Beach, CA 92660

www.TrinityFS.com



**THIS IS AN ATTEMPT TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**NOTICE TO DEBTOR(S) IN BANKRUPTCY:** This paragraph is a special notice to our customers who have filed a petition for protection under the United States Bankruptcy Code. Unless you have signed a reaffirmation agreement with the lender, and that agreement has been filed with the bankruptcy court (and not subsequently rescinded or disallowed in accordance with the Bankruptcy Code), you should disregard all portions of this letter which state or suggest that you still have a personal liability to pay the lender. You may wish to consult with an attorney regarding this letter, your bankruptcy and the ability of the lender to enforce its lien on collateral, if any. If you have obtained a discharge under the Bankruptcy Code this letter is for informational purposes or to protect our interests in any collateral.